932 F.2d 970
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William A. CORRELL, Defendant-Appellant.
 No. 90-5244.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and DOUGLAS W. HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 Defendant, William A. Correll, a pro se federal prisoner, appeals the district court's order amending its judgment pursuant to Fed.R.Crim.P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Correll was charged in a five count indictment with aiding and abetting the possession and distribution of cocaine hydrochloride. Pursuant to a plea agreement, Correll pleaded guilty to count one which charged that on June 30, 1987, he aided and abetted the distribution of 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 18 U.S.C. Sec. 2. The government agreed to dismiss the remaining counts of the indictment. The court accepted the plea agreement and sentenced Correll to a nonparolable ten year term of imprisonment, an eight year term of supervised release and a $50 special assessment.
 
 
 4
 Thereafter, Correll filed a motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a)-alleging that the nonparolable aspect of his ten year sentence and the eight year term of supervised release were illegally imposed because he was convicted of an offense which occurred prior to November 1, 1987, the effective date of the Anti-Drug Abuse Act of 1986 (ADAA). The district court granted the motion in part, finding that the ten year nonparolable sentence was correct because a ten year nonparolable sentence was the minimum mandatory sentence mandated under Sec. 841(b)(1)(B) because Correll had a prior felony conviction for selling cocaine. The court further found that Correll agreed to the nonparolable sentence in his plea bargain. The court amended its judgment regarding the supervised release issue, finding that a special parole term should have been imposed because Correll was convicted of an offense which occurred prior to the effective date of the supervised release provisions (November 1, 1987). On appeal, defendant reasserts his claims and has filed a motion to remand the case to the district court.
 
 
 5
 Upon review, we affirm the district court's judgment in part and vacate and remand in part. Correll was correctly sentenced to a nonparolable ten year term because he had a prior drug related felony conviction and he pleaded guilty to an offense involving more than 500 grams of cocaine hydrochloride. See 21 U.S.C. Sec. 841(b)(1)(B). Moreover, a review of the plea colloquy indicates that Correll's plea was knowingly, intelligently and voluntarily entered with a full understanding of the direct consequences of the plea. See Brady v. United States, 397 U.S. 742 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). Correll's plea agreement provided that he would be sentenced to a nonparolable ten year term. Correll will thus be held to the terms of his plea agreement because his guilty plea was valid in all respects. See Baker v. United States, 781 F.2d 85, 89-90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 6
 Finally, the district court's judgment must be remanded in part for imposition of an eight year term of supervised release. In Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991), the Supreme Court definitively ruled that the supervised release provisions of the ADAA became applicable on October 27, 1986, the effective date of the ADAA, to all drug offenses in the categories specified by Sec. 1002 of the ADAA (codified at 21 U.S.C. Sec. 841(b)(1)(A)). Accord United States v. Blackmon, 914 F.2d 786, 790 (6th Cir.1990). Consequently, Correll must be sentenced to a term of supervised release because he pleaded guilty to an offense which occurred on June 30, 1987, after the ADAA became effective.
 
 
 7
 Accordingly, the motion to remand is denied, and the district court's judgment is affirmed in part pursuant to Rule 9(b)(5), and vacated and remanded in part for further consideration pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation